39242. CODY v. THE STATE.

WELTNER, Justice.

Cody was convicted of shooting to death Homer Wilson Smith with a shotgun, and of aggravated assault with the same deadly weapon upon Johnny Clifford Gooden.

His appeal raises but two issues, which are one and the same: the sufficiency of the evidence to sustain the conviction and the denial of his motion for a directed verdict of acquittal. His contentions are that the testimony of the surviving witnesses to the armed robbery failed to place him at the crime scene, and that the testimony of the surviving witnesses proved no more than that the two assailants were

males having certain skin and hair characteristics, of certain approximate weights and heights, and wearing green uniforms and masks.

The deceased owned Columbia Auto Parts Store in DeKalb County. The store had been robbed previously. On the morning of the crimes, the deceased and his employees of many years, J. W. Gooden and Johnny Clifford Gooden, arrived to open the store for business and found evidence indicating that the store once more had been robbed, or that a robbery was in process. J. W. Gooden, armed with a .38 revolver, entered the store through the back door while Smith, the deceased, and Johnny Gooden entered through the front door. The robbers discharged a fire extinguisher into Johnny Gooden's face, then wounded him with a shotgun blast. Nonetheless, he was able to reach a shotgun on a desk in the room and to wound at least one of his assailants, as proven by the blood and flesh found on the scene.

The masked men then shot and killed Smith and escaped in his automobile.

Smith's bloodstained automobile later was located near the home of some relatives of Larry King Jackson, who was indicted along with Cody. Jackson's relatives testified that when Cody and Jackson came to their home in the automobile on the morning of the shootings Cody was bleeding from a leg wound.

Cody and Jackson's relatives then practiced a ruse in effort to make it appear that Cody had been the innocent victim of an armed robbery and aggravated assault. One or more of them transported Cody to a street in Atlanta, left him, then gave the police a false report that Cody had been shot there by an unknown assailant.

Cody told three separate and distinctly different versions of the supposed assault upon him to investigating officers who, because of this fact, filed charges against him for false report of a crime.

Cody testified in his own behalf that he drove to the automobile parts store on the morning of the crimes with the intention of purchasing parts from Gooden, an acquaintance with whom he had worked in previous years, and, second, of using the parts to repair his automobile in the parking lot of the store. Cody testified that when he entered the store "he saw a lot of emotion" and "boom, I was shot like that." He testified that he did not know that Larry Jackson also was at the store, but that when Jackson discovered he had been wounded Jackson drove him to the home of Jackson's relatives in Smith's automobile. He swore that he wanted Jackson to take him to the hospital instead. He denied shooting or robbing anyone.

The foregoing factual summary is a partial recount of the evidence heard by the jury. Along with additional evidence concerning the actions of relatives of Cody and Jackson after Cody

was wounded, as well as other circumstances concerning Cody's false crime reports, the evidence was sufficient to sustain Cody's convictions under the standard of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The trial court did not err in denying Cody's motion for a directed verdict of acquittal or in overruling the general grounds of his motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*Waymon Sims,* for appellant.

Leon Cody, *pro se.*

*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Assistant Attorney General,* for appellee.